# EXHIBIT B-1

2 CITS-ESERVE

Case 3:21-cv-02555-M   Document 1-3   Filed 10/18/21   Page 2 of 6   PageID 15

FILED
8/30/2021 12:00 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

CAUSE NO. DC-21-11777 _____

| | | |
|---|---|---|
| **RONNIE JAMES,** § | | IN THE DISTRICT COURT |
| *Plaintiff,* § | | 193rd |
| § | | |
| vs. § | | \_\_\_\_ JUDICIAL DISTRICT |
| § | | |
| **DANIEL STRONG and FIRSTFLEET,** § | | |
| **INC.,** § | | DALLAS COUNTY, TEXAS |
| *Defendants.* § | | |

<u>**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**</u>

**TO THE HONORABLE JUDGE OF SAID COURT**:

**COMES NOW, RONNIE JAMES**, hereinafter called "Plaintiff," complaining of and about **DANIEL STRONG** hereinafter called "Defendant **STRONG**," and **FIRSTFLEET, INC.** hereinafter referred to as "Defendant **FIRSTFLEET**," and for cause of action show unto the Court the following:

**I. DISCOVERY CONTROL PLAN LEVEL**

1. This lawsuit shall be conducted pursuant to Discovery Control Plan-Expedited Actions involving $250,000.00 or less (Level 1) pursuant to Texas Rules of Civil Procedure Rule 190.2.

**II. PARTIES AND SERVICE**

2. Plaintiff **RONNIE JAMES** is an individual residing in Dallas County, Texas. The last three digits of his social security number are 166, and the last three digits of his driver's license are 860.

3. Defendant **DANIEL STRONG** is an individual who is a resident of Tennessee, and may be served with process at her home at 10286 Clay County Highway, Moss, Tennessee 38575, or wherever she may be found. Plaintiff requests service by private process server.

4. Defendant **FIRSTFLEET, INC.** is a Tennessee Corporation organized under the laws of Tennessee, and may be served with process by serving its registered agent C T Corporation

System at 1999 Bryan, Street, Suite 900, Dallas, Texas 75201. Plaintiff requests service by private process server.

### III.  JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV.  FACTS

7. On or about July 19, 2021, Plaintiff was traveling eastbound on Interstate 30 in the right hand lane in Mesquite, Dallas County, Texas, when Defendant **STRONG**, who was operating a 2020 International tractor-trailer owned by Defendant **FIRSTFLEET**, traveling eastbound in the center lane of Interstate 30, changed lanes to his right striking the driver's side of Plaintiff's vehicle, causing the collision. As a result of the collision, Plaintiff suffered serious bodily injuries.

### V.  PLAINTIFF'S CLAIMS OF NEGLIGENCE AGAINST DEFENDANT DANIEL STRONG

8. Defendant **STRONG** owed a duty to exercise the degree of care that a person of ordinary prudence would use to avoid causing serious harm to the Plaintiff under circumstances similar to those described herein.

9. Plaintiff's injuries were proximately caused by Defendant **STRONG**'s negligence, carelessness, and reckless disregard of said duty.

10. The negligence, carelessness, and reckless disregard of duty of Defendant **STRONG** consisted of, but is not limited to, the following acts and omissions:

    A. In that Defendant **STRONG** failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B.    In that Defendant **STRONG** failed to yield as a person of prudent care would have done;

    C.    In that Defendant **STRONG** failed to turn his motor vehicle in an effort to avoid the collision complained of;

    D.    In that Defendant **STRONG** failed to operate a motor vehicle as a person using ordinary prudent care would have done;

    E.    In that Defendant **STRONG** failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant **STRONG**'s motor vehicle which would permit Defendant **STRONG** to bring her motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

    F.    In that Defendant **STRONG** failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

    G.    In that Defendant **STRONG** operated his vehicle in Plaintiff's lane of traffic and failed to give Plaintiff at least one-half of the roadway.

    H.    In that Defendant **STRONG** failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question; and

    I.    Other acts/omissions anticipated to be discovered.

## VI. DEFENDANT FIRSTFLEET, INC.– RESPONDEAT SUPERIOR

11.    Plaintiff alleges that at the time of the occurrence in question made the basis of this lawsuit which occurred on or about April 19, 2021, Defendant **STRONG** was acting as the agent, employee and/or servant of Defendant **FIRSTFLEET**, such that under the doctrines of respondeat superior and/or agency, Defendant **FIRSTFLEET** is liable to Plaintiff for injuries and resulting damages caused by the negligence of Defendant **STRONG**.

12.    At all times material hereto, Defendant **STRONG** was acting in the course and scope of his employment for Defendant **FIRSTFLEET**. Consequently, Defendant **FIRSTFLEET** is responsible for the acts and/or omissions of Defendant **STRONG** under the doctrine of respondeat superior. Plaintiff further pleads that Defendant **FIRSTFLEET** was negligent and/or negligent per se for one or more of the following reasons:

    a.    Negligently entrusted a motor vehicle to an incompetent driver;

    b.    Negligently hired and/or retained employees;

    c.    Negligently trained and/or supervised employees;

    d.    Failed to maintain the vehicle in a reasonably safe condition;

    e.    Violated applicable, local, state and federal laws and/or regulations;

    f.    Other acts so deemed negligent.

## VII. EMPLOYER NEGLIGENCE

13. Further, Plaintiff alleges that Defendant **FIRSTFLEET** was negligent in hiring, supervising and training Defendant **STRONG**, and due to that negligence of Defendant **FIRSTFLEET**, Plaintiff has sustained the injuries and damages as described in paragraph IX.

## VIII. DAMAGES FOR PLAINTIFF

14. Pursuant to Texas Rules of Civil Procedure 47, Plaintiff seeks monetary relief of $250,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest and judgment for all other relief to which Plaintiff is entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

15. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, was caused to suffer serious bodily injuries, and to incur the following damages.

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in this County;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future;

    E.    Mental anguish in the past;

F. Mental anguish in the future; and

G. Loss of earnings in the past and impairment to earning capacity in the future.

## IX. DEMAND FOR TRIAL BY JURY

16. Plaintiff hereby demands a trial by jury and tenders the appropriate fee with this petition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for actual and punitive damages in an amount in excess of the minimum jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

J. ALEX. LAW FIRM, P.C.

By: _____
**JOSH W. ALEXANDER**
Texas Bar No. 24086984
Email: josh@jalexlawfirm.com
**KELSEY E. BRODOCK**
Texas Bar No. 24086965
Email: kelsey@jalexlawfirm.com
**DAVID W. TOWNEND**
Texas Bar No. 20155700
Email: david@jalexlawfirm.com
**ROBERT B. MOSS**
State Bar No. 24113558
Email: robert@jalexlawfirm.com
13601 Preston Road
West Tower, Suite 600
Dallas, Texas 75240
Phone: (972) 535-5700
Fax: (844) 838-7440
**ATTORNEYS FOR PLAINTIFF**